798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby C. DEXTER, Plaintiff-Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 85-5479.
 United States Court of Appeals, Sixth Circuit.
 July 7, 1986.
 
 Before ENGEL, KENNEDY and MILBURN, Circuit Judges.
 PER CURiAM.
 
 
 1
 The Secretary of Health and Human Services appeals a decision of the United States District Court for the Western District of Kentucky reversing the Secretary's decision to deny Bobby C. Dexter's claim for disability insurance benefits and remanding to the Secretary for an award of benefits.
 
 
 2
 Dexter was born on October 21, 1932, stands 6 feet, 1 inch tall, weighs 220 pounds, and has attended 2- 1/2 years of college. He has pursued a variety of vocations, seeing mutual funds from 1958 to 1975, owning a dairy and a business college from 1972 to 1976, and from 1976 to 1982, owning race horses. In 1980, Dexter was hospitalized for nine days under a diagnosis of degenerative disc disease and degenerative arthritis. For the next several years he received treatment from two chiropractors. In 1981, Dexter's insured status under the Social Security Act terminated, and in 1982 he filed for disability insurance benefits claiming disability due to disc disease and arthritis. Dexter has sought treatment from a number of doctors since 1982.
 
 
 3
 The ALJ determined that Dexter was able to perform his past relevant work, which the ALJ noted included managing a business school and selling mutual funds. The ALJ found no evidence of a worsening of Dexter's condition between June, 1980, and the end of his insured status on June 30, 1981, and found no observable evidence of functional restriction because of pain, muscle or nerve impairment during that period. He further discredited Dexter's testimony as to severe pain, noting that Dexter was not prescribed any strong analgesic medication and was fairly active in training horses. The Appeals Council affirmed and Dexter brought the present action.
 
 
 4
 The magistrate concluded that there was not substantial evidence to support the Secretary's decision. The magistrate found no support for the Secretary's conclusion that Dexter could bear up to fifty pounds occasionally or twenty-five pounds frequently. Rather, he noted that one physician restricted Dexter to limited weightbearing as of October 8, 1982, and that another restricted Dexter from bending or stooping. The magistrate further found confirmation for Dexter's complaints of pain from the blood test that revealed arthritis, the testimony of two doctors, and the testimony of Dexter's lay friends. Finally, the magistrate found support in the opinion of two doctors for the conclusion that Dexter could not pursue past work. The district court adopted the magistrate's report and recommendation and reversed.
 
 
 5
 On appeal, the Secretary contends that the decision of the Appeais Council was supported by substantial evidence.
 
 
 6
 While the magistrate was correct that there was no support for the Secretary's conclusion that Dexter could carry up to fifty pounds in weight on occasion, we are unable to conclude for that reason that the finding of the ALJ, and later of the Secretary, was not supported by substantial evidence. While such evidence was undoubtedly relevant in determining that Dexter was unable to pursue his prior occupations as a dairy operator, it did not in any event impede his ability to pursue other callings, including his former vocations of selling mutual funds and operating a business college. This was especially true in view of the ALJ's specific credibility finding and in view of the activities which the proof showed Dexter to have undertaken before and after the date of expiration of his eligibility for disability benefits.
 
 
 7
 Accordingly, the judgment of the district court is VACATED and the cause REMANDED with instructions to dismiss the petition for review.